IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JUAN VILLATORO,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 18-cv-3829 PX |
| **C2 ESSENTIALS, INC.,** | * | |
| Defendant. | * | |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant C2 Essentials, Inc.'s Motion for Change of Venue from the United States District Court for the District of Maryland to the United States District Court for the Eastern District of Virginia, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §§ 1391, 1404, and 1412. ECF No. 17. The matter is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, Defendant's Motion is **GRANTED**.

**I.  Background**

Beginning around September 2017 through April 2018, Plaintiff, Juan Villatoro ("Villatoro"), worked for Defendant, C2 Essentials, Inc. ("C2"), as a cleaner in C2's Chantilly, Virginia office. ECF No. 1 ¶ 12. C2 is incorporated in Virginia, has its principal place of business in Chantilly and does not have any office in Maryland. ECF No. 1 ¶ 5.; Gouldin Decl. [ECF No. 17-2 ¶¶ 2-4]. Villatoro is and was a resident of Maryland during the time he worked for C2. ECF No. 1 ¶ 3; ECF No. 17-2 ¶ 6.

On December 12, 2018, Villatoro filed his one-count Complaint against C2 alleging that C2 violated the Fair Labor Standards Act ("FLSA") by misclassifying and paying him as an exempt

salaried employee who did not receive overtime compensation.[1]  ECF No. 1 ¶¶ 13-16.  On February 10, 2019, C2 moved to transfer this case to the United States District Court for the Eastern District of Virginia, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §§ 1391, 1404, and 1412.[2]  ECF No. 17.

## II. Analysis

### a. Standard of Review

Federal Rule of Civil Procedure 12(b)(3) directs a court to dismiss or transfer a case if venue is improper in the plaintiff's chosen forum.  To survive a motion to dismiss or transfer venue pursuant to Rule 12(b)(3), the plaintiff must only make a prima facie showing that venue is proper.  *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).  Courts may consider evidence outside the complaint and need not accept the pleadings as true when determining whether plaintiff has sustained this burden.  *See Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006); *see also Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365-66 (4th Cir. 2012).  The Court construes the facts in the light most favorable to the plaintiff.  *See Aggarao*, 675 F.3d at 366.

Venue may be proper in more than one district.  Accordingly, the Court must focus not on whether a given district is the *best* venue, but rather whether the relevant acts or omissions occurred within that district are "sufficiently substantial" to render the venue proper.  *See Mitrano*, 377 F.3d at 405.  Importantly, courts are to look to "the entire sequence of events underlying the claim," and not just those that "directly led to the filing of the action."  *Id.*

When venue is improper in a plaintiff's chosen forum, the court may either dismiss the

---

[1] Plaintiff avers that he regularly worked more than forty hours in a week and yet was never compensated for any time beyond those forty hours.  ECF No 1 at 3.  Plaintiff asserts that Defendant tracked his hours using time cards, but those time cards are in Defendant's possession.  *Id.*

[2] Because the Court finds venue is improper in this District and directs transfer pursuant to 28 U.S.C. § 1406(a), it does not analyze the § 1404(a) factors.

2

case or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Courts in this district ordinarily transfer rather than dismiss the action. *See Sewell v. CFTC*, 2017 WL 1196614, at *4 (D. Md. Mar. 31, 2017). The Court may, in its discretion, transfer the case when doing so is "in the interest of justice." *See id.* Transfer is in the interests of justice where "for any reason which constitutes an impediment to a decision on the merits in the transferor district . . . would not be an impediment in the transferee district," such as incorrect venue or an absence of personal jurisdiction. *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988); *see Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967).

**b. Discussion**

Plaintiff avers that venue in this district is proper because "Defendant employed Plaintiff who resides in this judicial district and issued paychecks to Plaintiff in this judicial district." ECF No. 1 ¶ 2.  Because the paychecks issued to Plaintiff in Maryland did not include overtime compensation, Plaintiff contends that a substantial part of the events giving rise to the claim occurred in this District. ECF No. 18 at 1.  Plaintiff also concedes that venue would be proper in the United States District Court for the Eastern District of Virginia. ECF No. 18 at 2.  However, Plaintiff nonetheless maintains that where more than one venue is proper, the factors set forth in § 1404(a) counsel in favor of the matter remaining in this district.  *Id.*  Plaintiff emphasizes the minimal inconvenience for parties or witnesses to litigate in this District given their close proximity to this district, and urges the Court to defer to his forum choice.  *Id.*

Defendant disagrees that venue in this District is proper because the only contact with this forum is Plaintiff's paychecks as having been "issued" in Maryland. ECF No. 17 at 6. Defendant further contends that because it is incorporated and maintains its principal place of business in Virginia, the United States District Court for the Eastern District of Virginia is the proper forum.

3

*See* 28 U.S.C. § 1391(b)(1).[3] ECF No. 17 at 2. Defendant also argues that Plaintiff had been employed at Defendant's place of business in Virginia, and all decisions surrounding his employment occurred in Virginia, thus making the Eastern District of Virginia the proper venue for this case. The Court agrees with Defendant.

Under 28 U.S.C. § 1391(b), venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Because Defendant is a Virginia corporation with its principal place of business in Chantilly, Virginia, and does not maintain any offices in Maryland, venue is proper only in Virginia pursuant to section (b)(1).[4] Section (b)(3) does not apply because the action may be brought in Virginia under section (b)(1). As for section 1391(b)(2), Plaintiff has not demonstrated that a substantial part of the events giving rise to this action took place in this District.

For FLSA cases, courts have found that "the events giving rise to the litigation occur where all computation and processing of payments owed to the plaintiff occurred." *See Wood v. Dunn*, 2010 WL 3259746, at *2 (W.D. Ky. Aug. 17, 2010) (internal quotations omitted) (quoting *Shay v. Sight & Sound Sys., Inc.*, 668 F. Supp. 2d 80, 85 (D.D.C. 2009)) (holding venue improper in the Western District of Kentucky for a FLSA failure to pay overtime compensation claim, despite

---

[3] Defendant asks this Court to find venue improper in this District and to transfer this case pursuant to 28 U.S.C. § 1404. ECF No. 17 at 7. However, as detailed above, the proper mechanism for transfer when venue is deemed improper in the transferor court is § 1406(a).

[4] 28 U.S.C. 1391(c)(2), which defines residency for all venue purposes, provides:
> "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. . . ."

plaintiff having received his W2 and paychecks in at his residence in Kentucky, because the employer made and issued paychecks in Mississippi); *Tahir v. Avis Budget Grp., Inc.*, 2009 WL 4911941, at *3 (D.N.J. Dec 14, 2009) (finding venue proper where corporate headquarters were located and where the decision to deny overtime compensation was made).

Plaintiff rests his venue argument singularly the fact that his paychecks were "issued" in Maryland. ECF No. This event alone is not sufficiently substantial to render venue proper in this District under section (b)(3). *Cf. Wood v. Dunn*, 2010 WL 3259746 (W.D. Ky. Aug. 17, 2010). Moreover, Plaintiff concedes that he was employed at Defendant's principal place of business in Chantilly, Virginia, and does not contest that Defendants conducted all employment-related business in Virginia. Put differently, no evidence suggests that any decisions related to Plaintiff's employment, including the manner of his compensation, occurred in Maryland. Plaintiff, therefore, has failed to demonstrate that venue is proper in this District.

The Court next turns to the propriety of transfer versus dismissal. The Court has found that venue is proper in the Eastern District of Virginia under § 1391(b)(1). Accordingly, the interests of justice will be served by transferring the case to that District.

### III. Conclusion

Based on the foregoing, this Court grants Defendant's Motion for Change of Venue and directs the transfer of this case to the United States District Court for the Eastern District of Virginia. Accordingly, it is this 12th day of April, 2019, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant's Motion for Change of Venue [ECF No. 17] is hereby **GRANTED**; and it is further

**ORDERED**, that this case **SHALL** be **TRANSFERRED** to the United States District

Court for the Eastern District of Virginia; and it is further

**ORDERED**, that the Clerk of the Court **SHALL CLOSE** this case.

/S/
PAULA XINIS
UNITED STATES DISTRICT JUDGE